UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SARAH LENHARD,

                              Plaintiff,

    -vs-                                 **No. 6:15-cv-06166(MAT)**
                                            **DECISION AND ORDER**

COLORGRAPHICS OF ROCHESTER,

                              Defendant.

---

**I.    Background**

Pro se plaintiff Sarah Lenhard ("Plaintiff") instituted this employment discrimination action against Colorgraphics of Rochester and Gerard Lenhard on March 25, 2015. On April 21, 2015, the Court (Sktretny, D.J.) issued an order (Dkt #3) granting Plaintiff's motion to proceed in forma pauperis and dismissing Gerard Lenhard as a defendant. In addition, the Clerk of Court was directed to file Plaintiff's papers and to cause the United States Marshals Service to serve the summons and complaint on defendant Colorgraphics of Rochester ("Defendant" or "Colorgraphics"). A summons was issued as to Colorgraphics on April 27, 2015, and it was reissued on July 7, 2015.

In a letter dated August 10, 2015, which the Court has construed as a motion for an extension of time under Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff states that she has been diligently following-up with the Clerk's Office in Rochester and with the Marshals Service regarding her case. Plaintiff details conversations with Clerk's Office staff on May 18, 2015, and

July 6, 2015, at which time she was directed to call "Mary" at the Marshals Service in Buffalo. Plaintiff notes that she spoke with Mary on July 6, 2015, at which time she was informed that the Marshals Service mailed out paperwork on May 1, 2015, but have had no response from Colorgraphics. Plaintiff was told that the Marshals Service would have someone personally serve Colorgraphics with the summons and complaint. Plaintiff states that she left messages with Mary on July 27, 2015, and July 28, 2014. On August 3, 2015, she was informed that the Marshals Service went to Colorgraphics that day and reported the property was vacant. On August 4, 2015, Plaintiff clarified the address and gave directions to Mary at the Marshal's Service. On August 10, 2015, Plaintiff was informed by Mary that the paperwork left her office on August 6, 2015, and that the supervisor in Rochester will effect service. Also on August 10, 2015, Plaintiff mailed her letter to the Court explaining the difficulties she and the Marshals Service have had in accomplishing service upon Colorgraphics.

**II. Discussion**

Rule 4(m) requires dismissal without prejudice if service of the complaint and summons is not made within 120 days after those documents are filed; however, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m). Rule 4(m) "allows the court, in its discretion, to extend the time for service, even if

the plaintiff fails to show good cause. If the plaintiff has shown good cause, the extension is mandatory." Blessinger v. United States, 174 F.R.D. 29, 30 (E.D.N.Y. 1997) (citing Espinoza v. United States, 52 F.3d 838, 840-41 (10th Cir. 1995)). Courts in this Circuit consider the following two factors in evaluating good cause for purposes of Rule 4(m): "'(1) the reasonableness and diligence of plaintiff's efforts to serve; and (2) the prejudice to defendants from the delay.'" Husowitz v. American Postal Workers Union, 190 F.R.D. 53, 57 (E.D.N.Y. 1999) (quoting Blessinger, 174 F.R.D. at 30); other quotation omitted; see also Gordon v. Hunt, 116 F.R.D. 313, 318-21 (S.D.N.Y.), aff'd, 835 F.2d 452 (2d Cir. 1987) (per curiam), cert. denied, 486 U.S. 1008 (1988). With regard to the second factor, there has been no prejudice to defendant Colorgraphics.

With regard to reasonableness and diligence of Plaintiff's efforts to serve Defendant, as a pro se litigant proceeding in forma pauperis, Plaintiff was entitled to rely on service by the United States Marshals Service. Husowitz, 190 F.R.D. at 57 (citing Romandette v. Weetabix Co., 807 F.2d 309, 311 (2d Cir. 1986); Carney v. Davis, No. 90 Civ. 2591(JSM), 1991 WL 150537, at *1, (S.D.N.Y. July 26, 1991)). The Second Circuit recently has clarified the scope of the entitlement in Romandette, stating that "[i]f a plaintiff proceeding IFP chooses to rely on the Marshals to serve the relevant parties, and it becomes apparent that the

-3-

Marshals will not accomplish this by the Rule 4(m) or court-ordered deadline, she must advise the district court that she is relying on the Marshals to effect service and request a further extension of time for them to do so." Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012). Here, however, the Court, in its order granting in forma pauperis status to Plaintiff, also ordered the Marshals Service to effectuate service on Colorgraphics. Following the Court's order, Plaintiff was dependent on the Marshals Service to effect service; the fact that service was not accomplished within 120 days of the order was not Plaintiff's fault. Husowitz, 190 F.R.D. at 58 (citing Satchell v. Romano, No. 81 Civ. 603, 1988 WL 68762, at *5 (E.D.N.Y. June 2, 1988) (five-year delay excused; since plaintiff "was dependent on the U.S. Marshal to effect service . . . [t]he fact that service was not accomplished within 120 days of the Order was not his fault")). Furthermore, Plaintiff has been quite diligent in attempting to ascertain the status of service of her summons and complaint, as demonstrated by her multiple phone calls to and messages left with the Clerk's Office and the Marshal's Service.

Under the circumstances of this case, the delay of the Marshals Service in serving defendant Colorgraphics constitutes "good cause" for purposes of Rule 4(m). Accord, e.g., Husowitz, 190 F.R.D. at 57 (citing, inter alia, also Byrd v. Stone, 94 F.3d 217 (6th Cir. 1996) (failure of district court clerk and United States

Marshals Service to accomplish their respective duties to issue and serve process for plaintiff proceeding in forma pauperis constituted good cause for plaintiffs failure to serve defendant timely); Graham v. Satkoski, 51 F.3d 710 (7th Cir. 1995) (failure of Marshal serving process on behalf of pro se prisoner to effectuate service may be good cause for prisoner's failure to serve process within 120 days).

**III. Conclusion**

For the foregoing reasons, the Court grants Plaintiff's motion to extend the time for service. The time for service shall be extended for sixty (60) days from the date of entry of this order. A copy of this order also shall be sent to the United States Marshals Service.

**SO ORDERED.**

S/Michael A. Telesca

---
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: August 24, 2015
Rochester, New York