**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

SARAH LENHARD,

       Plaintiff,

    v.

COLOGRAPHICS OF ROCHESTER,

       Defendant.

_____

**DECISION & ORDER**
15-CV-6166

### Preliminary Statement

<u>Pro</u> <u>se</u> plaintiff Sarah Lenhard ("plaintiff") brings the instant action pursuant to Title VII of the Civil Rights Act, codified at 42 U.S.C. §§ 2000e to 2000e-17, and the Americans with Disabilities Act, codified at 42 U.S.C. §§ 12112 to 12117, alleging that her former employer, Colorgraphics of Rochester ("defendant"), violated her civil rights. <u>See</u> Complaint (Docket # 1). By Order of the Hon. Michael A. Telesca, dated September 9, 2015, all pretrial motions excluding dispositive motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). Currently pending before the Court are plaintiff's motion to appoint counsel (Docket # 9), defendant's motion to dismiss plaintiff's motion for appointed counsel (Docket # 13), plaintiff's motion for mediation (Docket # 27), and plaintiff's second motion to appoint counsel (Docket # 31).

### Discussion

Motion to Appoint Counsel (Docket # 9): In her first motion, plaintiff argues that she requires appointed counsel because she does not have the sufficient "legal experience and knowledge" to proceed further.  Motion to Appoint Counsel (Docket # 9) at 2.  For the reasons that follow, plaintiff's motion to appoint counsel (Docket # 9) is **denied without prejudice to renew** and defendant's motion to dismiss plaintiff's motion for appointed counsel (Docket # 13) is **granted**.

Indigent civil litigants, unlike criminal defendants, do not have a constitutional right to counsel.  See Burgos v. Hopkins, 14 F.3d 787,789 (2d Cir. 1994).  Nevertheless, a court has the discretion to appoint counsel to represent indigent litigants pursuant to 28 U.S.C. § 1915(e) when the facts of the case warrant it.  Sears, Roebuck & Co. v. Charles W Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988); see also, In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984).  However, "[v]olunteer lawyer time is a precious commodity" that "should not be allocated arbitrarily." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989).  Accordingly, the Second Circuit set forth the factors to be considered in deciding whether or not to assign counsel in Hodge v. Police Officers:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting

2

evidence implicating the need for cross-examination will
be the major proof presented to the fact finder, the
indigent's ability to present the case, the complexity of
the legal issues, and any special reason in the case why
appointment of counsel would be more likely to lead to a
just determination.

802 F .2d 58, 61-62 (2d Cir. 1986).

Applying the Hodge factors to the instant case, and assuming
that plaintiff's allegations satisfy the initial threshold showing
of merit, the Court finds that appointment of counsel is
unwarranted at this time.   Indeed, other than plaintiff's claimed
unfamiliarity with federal court, no other factors currently
supported by the record warrant the appointment of counsel.   Her
complaint is detailed in nature and adequately describes the
alleged events that led to her claims.  Additionally, the factual
circumstances surrounding plaintiff's claims do not appear to be
unusually complicated and the legal issues alleged are not so
complex as to make it impossible for plaintiff to proceed without
counsel.    Indeed, the case revolves around a dispute between
plaintiff and defendant in May 2014 that led to her termination.
Plaintiff claims the termination was unlawfully based on religious
and disability discrimination and defendant disagrees.

Accordingly, at this juncture at least, plaintiff appears
sufficiently knowledgeable and equipped to understand and handle
the litigation; she has drafted coherent pleadings, attached
relevant documents to her complaint, and participated in a
mediation session.   See Castro v. Manhattan E. Suite Hotel, 279 F.

3

Supp. 2d 356, 358 (S.D.N.Y. 2003) (denying appointment of counsel where "the case does not present novel or overly complex legal issues, and there is no indication that [plaintiff] lacks the ability to present his case"). Moreover, given the limited resources available with respect to pro bono counsel, the Court finds no "special reason" why appointment of counsel now would be more likely to lead to a just determination. See Boomer v. Deperio, No. 03-CV-6348L, 2005 WL 15451, at *1-2 (W.D.N.Y. Jan. 3, 2005) (denying motion to appoint counsel despite plaintiff's claims that the matter was complex and he had a limited knowledge of law); Harris v. McGinnis, No. 02-CV-6481, 2003 WL 21108370, at *2 (S.D.N.Y. May 14, 2003) (denying motion for appointment of counsel where plaintiff "offered no special reason why appointment of counsel would increase the likelihood of a just determination"). Should she need to, plaintiff may consult with the Western District's pro se office attorneys for questions on process and procedure.

Motion for Mediation (Docket # 27): On March 23, 2013, plaintiff filed a motion requesting that the Court "schedule a mediation conference to discuss settlement arrangements." (Docket # 27). With an unsuccessful mediation session having been held on May 24, 2016 and the parties indicating to the Court that they will proceed toward trial, (Docket # 29), the Court finds that plaintiff's motion for mediation is now **moot**. Should the parties decide that a court-supervised mediation conference would be of

assistance in the future, they may schedule another session at a later date.

Second Motion to Appoint Counsel (Docket # 31): On June 21, 2016, plaintiff filed a second motion requesting the appointment of counsel. For the reasons articulated above, plaintiff's second motion to appoint counsel (Docket # 31) is **denied without prejudice to renew.**

### Conclusion

For the reasons set forth above, plaintiff's motion to appoint counsel (Docket # 9) is **denied without prejudice to renew**, defendant's motion to dismiss plaintiff's motion for appointed counsel (Docket # 13) is **granted**, plaintiff's motion for mediation (Docket # 27) is **moot**, and plaintiff's second motion to appoint counsel (Docket # 31) is **denied without prejudice to renew.**

SO ORDERED.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: September 6, 2016
       Rochester, New York